# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

SHERNISE HOLLINS, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

REGIONS BANK,

Defendant.

Case No. 4:20-cv-00697

## CLASS ACTION COMPLAINT

**NOW COMES**, SHERNISE HOLLINS, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of REGIONS BANK, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. SHERNISE HOLLINS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in St. Louis, Missouri.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. REGIONS BANK ("Defendant") is a corporation organized under the laws of the State of Alabama.

8. Defendant is a banking institution that provides banking and financial services to consumers nationwide.

9. Defendant maintains its principal place of business in Birmingham, Alabama.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant conducts business in the State of Missouri and is registered with the Missouri Secretary of State.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2111.

13. At all times relevant, Plaintiff's number ending in 2111 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Starting in April 2020, Plaintiff began receiving random telephone calls from Defendant to her cellular phone number ending in 2111.

16. At no point in time did Plaintiff have an account or any other form of business relationship with Defendant.

17. All of the calls placed by Defendant to Plaintiff's cellular phone were automated prerecorded calls.

18. Upon answering Defendant's calls, Plaintiff was greeted with a prerecorded message stating: "Hello this is Regions Bank, we have a message for William Jones… If this is William press 1, if this is not William Press 2."

19. Plaintiff is not "William Jones" and has never consented to receiving calls directed at "Williams Jones."

20. In an effort to compel the misguided calls to cease, Plaintiff pressed "2" on multiple occasions during the calls that she answered. After pressing "2", an artificial voice stated "thank you" and the call disconnected.

21. Despite Plaintiff pressing "2" on multiple occasions, Defendant's calls persisted.

22. Frustrated with the incessant calls, Plaintiff called a local branch of Defendant in an attempt to compel Defendant to cease its misguided calls.

23. During this call, Plaintiff spoke with a live representative.

24. Plaintiff explained to the live representative that she was receiving misguided calls for a "William Jones" and that she is not "William Jones."

25. Plaintiff further explained that she has never had any form of business relationship with Defendant and requested that the calls cease.

26. In response, Defendant's representative stated that the calls would persist until the account owner (presumably "William Jones") changed his number on the account's profile.

27. True to its word, Defendant continued placing calls to Plaintiff in an attempt to reach "William Jones."

28.     In total, Defendant placed no less than thirty (30) prerecorded phone calls to Plaintiff's cellular phone number ending in 2111 from April 2020 through the present, including calls from the phone number (844) 297-4009.

29.     Plaintiff has never provided her phone number to Defendant or otherwise consented to receiving calls directed at "William Jones."

30.     Defendant's misguided calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31.     Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## **CLASS ALLEGATIONS**

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant or a third party acting on Defendant's behalf, placed or caused to be placed, a call, (b) directed to a number assigned to a cellular telephone service or a service for which the called party is charged for the call, but not assigned to the individual that Defendant was attempting to contact, (c) using an artificial or prerecorded voice, (d) at any time in

the period that begins four years before the date of the filing of the original complaint through the date of class certification.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

35. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

36. Upon information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

37. Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**B.    Commonality and Predominance**

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**COUNT I**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and members of the Putative Class)**

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48. Defendant placed or caused to be placed no less than thirty (30) non-emergency calls, from April 2020 through the present, to Plaintiff's cellular telephone number utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

49. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call.

50. Upon information and belief, Defendant does not maintain an effective system to process consumer opt-outs and/or cease requests.

51. Specifically, as pled above, Plaintiff repeatedly requested that the calls cease by pressing "2" as prompted and by requesting that the calls cease during a call with a live representative.

52. As pled above, Plaintiff was harmed by Defendant's unlawful phone calls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 28, 2020

Respectfully submitted,

**SHERNISE HOLLINS**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
*Counsel for Plaintiff*