UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERNISE HOLLINS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:20-cv-00697 |
| vs. | ) ) |
| REGIONS BANK, | ) ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Regions Bank ("Regions"), states as follows for its answer to Plaintiff's Class Action Complaint:

1. Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

**ANSWER**: Regions admits that Plaintiff has filed a lawsuit against Regions, and that Plaintiff seeks recovery against Regions under the TCPA. Regions denies that it violated the TCPA, and denies that Plaintiff is entitled to any relief.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

**ANSWER:** Regions admits that this paragraph quotes from *Parchman v. SLM Corp.*, 896 F.3d 728 (6th Cir. 2018). Regions denies any remaining allegations in this paragraph.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** Regions does not contest jurisdiction. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this

paragraph.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER**: Regions does not contest venue. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

5. SHERNISE HOLLINS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in St. Louis, Missouri.

**ANSWER**: Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. REGIONS BANK ("Defendant") is a corporation organized under the laws of the State of Alabama.

**ANSWER**: Regions admits the allegations in this paragraph.

8. Defendant is a banking institution that provides banking and financial services to consumers nationwide.

**ANSWER**: Regions admits that it is a state-chartered-banking corporation with a physical presence in the southern and mid-western United States. Regions admits that Regions provides banking and other financial services. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

9. Defendant maintains its principal place of business in Birmingham, Alabama.

**ANSWER**: Regions admits the allegations in this paragraph.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: Regions admits that 47 U.S.C. § 153(39) defines a "person" as an "individual, partnership, association, joint-stock company, trust, or corporation." Regions

admits that Regions is a corporation. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

11. Defendant conducts business in the State of Missouri and is registered with the Missouri Secretary of State.

**ANSWER:** Regions admits the allegations in this paragraph.

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2111.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. At all times relevant, Plaintiff's number ending in 2111 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Starting in April 2020, Plaintiff began receiving random telephone calls from Defendant to her cellular phone number ending in 2111.

**ANSWER:** Regions admits that, in April 2020 and May 2020, Regions called the phone number ending in 2111. Regions denies any remaining allegations in this paragraph.

16. At no point in time did Plaintiff have an account or any other form of business relationship with Defendant.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. All of the calls placed by Defendant to Plaintiff's cellular phone were automated prerecorded calls.

**ANSWER:** Regions denies that all of the calls Regions placed to the phone number ending in 2111 involved a pre-recorded or artificial voice. Regions lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

18. Upon answering Defendant's calls, Plaintiff was greeted with a prerecorded message stating: "Hello this is Regions Bank, we have a message for William Jones… If this is William press 1, if this is not William Press 2."

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. Plaintiff is not "William Jones" and has never consented to receiving calls directed at "Williams Jones."

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. In an effort to compel the misguided calls to cease, Plaintiff pressed "2" on multiple occasions during the calls that she answered. After pressing "2", an artificial voice stated "thank you" and the call disconnected.

**ANSWER:** Regions denies the allegations in this paragraph.

21. Despite Plaintiff pressing "2" on multiple occasions, Defendant's calls persisted.

**ANSWER:** Regions denies the allegations in this paragraph.

22. Frustrated with the incessant calls, Plaintiff called a local branch of Defendant in an attempt to compel Defendant to cease its misguided calls.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. During this call, Plaintiff spoke with a live representative.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Plaintiff explained to the live representative that she was receiving misguided calls

for a "William Jones" and that she is not "William Jones."

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Plaintiff further explained that she has never had any form of business relationship with Defendant and requested that the calls cease.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. In response, Defendant's representative stated that the calls would persist until the account owner (presumably "William Jones") changed his number on the account's profile.

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. True to its word, Defendant continued placing calls to Plaintiff in an attempt to reach "William Jones."

**ANSWER:** Regions denies the allegations in this paragraph.

28. In total, Defendant placed no less than thirty (30) prerecorded phone calls to Plaintiff's cellular phone number ending in 2111 from April 2020 through the present, including calls from the phone number (844) 297-4009.

**ANSWER:** Regions admits that, in April 2020 and May 2020, Regions called the phone number ending in 2111 no less than 30 times. Regions denies that 30 or more of the calls that Regions placed to the phone number ending in 2111 involved a pre-recorded or artificial voice. Regions denies that, after May 2020, Regions placed calls to the phone number ending in 2111. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

29. Plaintiff has never provided her phone number to Defendant or otherwise consented to receiving calls directed at "William Jones."

**ANSWER:** Regions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5

30. Defendant's misguided calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

**ANSWER:** Regions denies the allegations in this paragraph.

31. Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

**ANSWER:** Regions denies the allegations in this paragraph.

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:** Regions restates its answers to those paragraphs.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant or a third party acting on Defendant's behalf, placed or caused to be placed, a call, (b) directed to a number assigned to a cellular telephone service or a service for which the called party is charged for the call, but not assigned to the individual that Defendant was attempting to contact, (c) using an artificial or prerecorded voice, (d) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

35. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

36. Upon information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

37. Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**ANSWER:** Regions denies the allegations in this paragraph.

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**ANSWER:** Regions denies the allegations in this paragraph.

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**ANSWER:** Regions denies the allegations in this paragraph.

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

**ANSWER:** Regions denies the allegations in this paragraph.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions denies any remaining allegations in this paragraph.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:** Regions denies the allegations in this paragraph.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**ANSWER:** Regions denies the allegations in this paragraph.

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

46. Plaintiff has retained competent and experienced counsel in consumer class action

litigation.

**ANSWER:** Regions admits that Plaintiff seeks class certification. Regions denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Regions lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

## COUNT I

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:** Regions restates its answers to those paragraphs.

48. Defendant placed or caused to be placed no less than thirty (30) non-emergency calls, from April 2020 through the present, to Plaintiff's cellular telephone number utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**ANSWER:** Regions denies the allegations in this paragraph.

49. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call.

**ANSWER:** Regions denies the allegations in this paragraph.

50. Upon information and belief, Defendant does not maintain an effective system to process consumer opt-outs and/or cease requests.

**ANSWER:** Regions denies the allegations in this paragraph.

51. Specifically, as pled above, Plaintiff repeatedly requested that the calls cease by pressing "2" as prompted and by requesting that the calls cease during a call with a live representative.

**ANSWER:** Regions denies the allegations in this paragraph.

52. As pled above, Plaintiff was harmed by Defendant's unlawful phone calls.

**ANSWER:** Regions denies the allegations in this paragraph.

9

WHEREFORE, Regions respectfully requests that this Court enter judgment in Regions' favor and against Plaintiff, and award Regions its costs and such other relief as this Court deems proper.

Dated:  July 27, 2020

Respectfully submitted,

By: _/s/ Scott J. Helfand_

Jeffrey S. Heuer, #47307
Robert J. Hurtt, Jr. #65981
Sarah L. Zimmerman, #69440
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri   63105
Phone: (314) 480-1500
Fax: (314) 480-1551
jeff.heuer@huschblackwell.com
rob.hurtt@huschblackwell.com
sarah.zimmerman@huschblackwell.com

Scott J. Helfand, #6283064
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Phone: (312) 655-1500
Fax: (312) 655-1501
scott.helfand@huschblackwell.com

***Attorneys for Defendant Regions Bank***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of July 2020, a true and correct copy of the foregoing was served via the Court's ECF system on all counsel of record.

*/s/ Scott J. Helfand*
Attorney